UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
JERMAINE MAKELL, :
:
                          Plaintiff, : **MEMORANDUM DECISION**
: **AND ORDER**
                - against - :
: 19-cv-6993 (BMC) (JO)
VERA FLUDD, Sheriff of Nassau County Jail, *et* :
*al.*, :
:
                        Defendants. :
:
------------------------------------------------------------- X

**COGAN**, District Judge.

    Plaintiff *pro se* brings this § 1983 action for injuries he received as a result of getting sprayed in the face with a chemical agent by a correctional officer who was responding to a fight outside of plaintiff's prison cell. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Because plaintiff only pleads facts sufficient to state a claim against C.O. Sailor, that claim may proceed, but the claims against the remaining defendants are dismissed. Plaintiff has 20 days from the entry of this order to file an amended complaint, if he so chooses.

## BACKGROUND

    Plaintiff *pro se* is a prisoner in the Nassau County Correctional Center. As alleged in his complaint, he was lying in bed when two other inmates began fighting outside of his cell. Upon realizing what was happening, plaintiff stood on his bed and called out that he wished to move. Two on-duty correctional officers, C.O. Sailor and C.O. Golden, soon arrived on the scene to break up the fight.

Upon reaching the fight, C.O. Sailor sprayed one of the two brawling inmates in the face with a chemical agent. At that time, plaintiff claims he was against the wall on the bed in his cell with his hands up, saying out loud that he has "nothing to do with this." Nevertheless, according to plaintiff: "C.O. Sailor looked at me in my eyes wile [sic] my back is on the wall and hands up away from the fight and feet away and sprayed me in my eyes mouth ear and back." When plaintiff turned his head in an attempt to further avoid the spray, he fractured his tooth against the wall. C.O. Sailor sprayed plaintiff again, causing him to "drop off the bed and hit [his] face and back and legs on the sink and floor." Plaintiff believes that C.O. Sailor sprayed him because he is black.

In addition to the immediate pain and irritation resulting from being sprayed in the eyes, fracturing his tooth, and falling off the bed, plaintiff also claims that he continues to suffer from itching and burning in his feet, head trauma, memory problems, vision problems, panic attacks and anxiety, and now fears and distrusts corrections officers.

He is asserting Eighth and Fourteenth Amendment causes of action against C.O. Sailor, C.O. Golden, Nassau County Sherriff Vera Fludd, and the medical staff at the Nassau County Correction Center. As to the Sherriff, plaintiff claims "extreme lack of care, custody and control." As to the medical staff, he claims inadequate medical care that left him with permanent pain and suffering, scars, trauma, and bodily damage. He is seeking $2,000,000 in damages.

**DISCUSSION**

*Pro se* complaints are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). However, they must still plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), and to "allow[] the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although the Court assumes all factual allegations contained in the complaint to be true, this principle is "inapplicable to legal conclusions." Id.

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* action if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

A claim alleging deprivation of constitutional rights under 42 U.S.C. § 1983 requires that a plaintiff demonstrate that the challenged conduct was "committed by a person acting under color of state law," and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010). Furthermore, a plaintiff must show that each of the named defendants was personally involved in the wrongdoing or misconduct complained of. See Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006) (quoting Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). In particular, to state a claim for inadequate medical treatment, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (establishing the standard applicable to treatment of convicted prisoners under the Eighth Amendment); see Wevant v. Okst, 101 F.3d 845, 856 (2d Cir. 1996) (applying the same standard to pretrial detainees under the Fourteenth Amendment). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each

Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676.

Here, plaintiff sufficiently pleads a claim against C.O. Sailor by alleging that, without provocation, C.O. Sailor went out of his way to deliberately assault plaintiff with a harmful chemical spray. However, plaintiff fails to allege any facts tending to show that the other listed defendants engaged in any wrongdoing whatsoever, and certainly not that they violated plaintiff's constitutional rights.

Although plaintiff names Sherriff Fludd as a defendant, claiming that she displayed an "extreme lack of care, custody and control" with regard to the prison staff, he does not set forth any support for the conclusion that she was responsible for plaintiff's injuries or treatment. Indeed, it doesn't appear plaintiff mentions Sherriff Fludd at all in his substantive allegations. Likewise for the unnamed medical personnel defendants. Plaintiff merely alleges in a conclusory manner in the "Relief" portion of the form complaint that he was provided "inadequate" medical care and was "underserve[ed]." But this is completely insufficient under federal pleading standards to state a claim for relief, see Iqbal, 556 U.S. at 678; Gamble, 429 U.S. at 106, and so the claims against Sherriff Fludd and the medical staff are all dismissed.

Plaintiff also fails to plead any constitutional claims against C.O. Golden, though he plays a more prominent role in the complaint than most of the other defendants: he was at the scene of the incident, helping to break up the fight outside of plaintiff's cell. And, according to plaintiff, C.O. Golden told the nurse that he witnessed plaintiff getting sprayed. Still, this is not nearly enough to support the conclusion that C.O. Golden was "personally involved in the wrongdoing." See Farrell, 449 F.3d at 484. Therefore, the claims against C.O. Golden are dismissed as well.

4

## CONCLUSION

Plaintiff's claims against Sherriff Fludd, C.O. Golden, and the Nassau County Correctional Center's medical staff are dismissed. His claims against C.O. Sailor may go forward. Additionally, in light of plaintiff's *pro se* status, the Court will permit plaintiff to file an amended complaint within 20 days from the date of this Order, for the purpose of alleging any additional facts supporting the conclusion that the dismissed defendants were personally responsible for violating plaintiff's constitutional rights. The amended complaint must be labeled "Amended Complaint" and include the index number of this case (19-cv-6993). This amended complaint will completely replace plaintiff's original complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                                                     _____
                                                                                     U.S.D.J.

Dated: Brooklyn, New York
           January 23, 2020